IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN D. CROSSWHITE, | | |
| Petitioner, | No. CIV S-09-1222 DAD P | |
| vs. | | |
| SCHWARZENEGGER, | ORDER AND | |
| Respondent. | FINDINGS AND RECOMMENDATIONS | |
| _____/ | | |

      Petitioner is a non-prisoner and a participant of the California Mental Health Department's Forensic Conditional Release Program (CONREP)[1]. He is proceeding pro se and has requested leave to proceed in forma pauperis. Petitioner has filed several documents which the court has reviewed in attempting to discern the nature of the action which petitioner is seeking to bring as well as the remedy he seeks. In this regard, petitioner's initial filing is a one-

---

[1] According to the California Department of Mental Health's website, "CONREP is a program for judicially committed persons found by the courts to be Not Guilty by Reason of Insanity [Penal Code (PC) Section 1026 or Welfare and Institutions Code (WIC) 702.3]. . . . Virtually all patients judicially committed in the CONREP program have experienced long court-directed state hospitalizations. Once psychiatric symptoms have been stabilized and they are considered no longer to be a danger, eligible patients may be referred for outpatient treatment under conditional release . . . . patients who do not comply with treatment may be returned, upon court (or Board of Prison Terms) approval, to inpatient status and treated at state expense." California Department of Mental Health, Forensic Conditional Release Program (CONREP), http://www.dmh.ca.gov/Services_Programs/Forensic_Services/CONREP/default.asp.

page document titled, "Writ of Hapeascorpus [sic]" in which petitioner asserts that he was kept in state custody for 21and 1/2 years after he served his maximum term. (Pet. filed May 4, 2009, at 1.) Petitioner indicates that in 1980, he was prosecuted in Shasta County. On the other hand, in this petition he requests that a date and time for trial be set. (Id.) In a document subsequently filed with the court, petitioner indicates that he was "locked up or in Conrep [sic] which is outpatient treatment for over 21-1/2 years[.]" (Doc. filed Sept. 25, 2009 (Doc. No. 6), at 1.) Therein, petitioner asserts that a jury should decide whether his rights were violated. (Id.) In a third document submitted to the court, petitioner asserts that he "should be released and receive damages." (Doc. filed Sept. 25, 2009 (Doc. No. 7), at 1.)

According to the court's records, petitioner also filed a habeas petition in this court on November 22, 2005.[2] See Crosswhite v. Attorney General of California, Case No. S-05-2367 RRB KJM P. The file with respect to that habeas action indicates that in 1980, petitioner entered a guilty plea in state court to assault with a deadly weapon on a peace officer. (Case No. S-05-2367 RRB KJM P, Mot. to Dismiss filed Dec. 19, 2006, at 2.) The assigned Shasta County Superior Court Judge found petitioner not guilty by reason of insanity and petitioner was committed to Napa State Hospital for a term of seven years. (Id.) Between 1980 and 1998, petitioner was recommitted on an outpatient basis. In 2001, after evaluations and a hearing, petitioner was recommitted to Napa State Hospital for a two-year period. (Id.) Between 2002 and 2006, petitioner was recommitted on an inpatient basis. (Id.) Finally, on September 19, 2007, petitioner was placed in a licensed board and care home, and his habeas action filed in this court was dismissed as moot.

The court is required to examine a petition for federal habeas corpus relief before requiring a response to it. See Rules 3 & 4, Rules Governing § 2254 Cases. "If it plainly appears

---

[2] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

from the face of the petition . . . that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal . . . ." Rule 4, Rules Governing § 2254 Cases. Rule 4 "'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.'" O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)).

The court will recommend that this habeas action be summarily dismissed for the following reasons. Petitioner is no longer in custody nor is he involuntarily confined at a state hospital. Moreover, in the documents filed with this court he has not alleged a "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Finally, in the documents filed petitioner indicates that he is seeking monetary damages, a remedy not available in a habeas action. See Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990).

Should petitioner decide to pursue a civil action for damages in federal court, he must file a pro se complaint, not a habeas petition, clarifying the federal Constitutional provision or statute pursuant to which he seeks relief. Petitioner should not use the file number assigned to this action since any civil rights complaint filed would be a new action. Lastly, petitioner should clearly indicate in any such complaint he elects to file, that he is not in custody and that he is seeking monetary damages.

The court will also deny petitioner's request to proceed in forma pauperis. Petitioner did not used the court's form application and has not provided the information the court requires to grant leave to proceed in forma pauperis.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's May 28, 2009 request to proceed in forma pauperis (Doc. No. 4) is denied; and

2. The Clerk of the Court is directed to provide petitioner with the court's form application requesting leave to proceed in forma pauperis by a non-prisoner.

1   IT IS HEREBY RECOMMENDED that this action be summary dismissed.

2   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 20, 2009.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
cross1222.156